Mark Anthony Hernandez v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-243-CR

MARK ANTHONY HERNANDEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Mark Anthony Hernandez pleaded guilty to aggravated sexual assault of a child, and the trial court sentenced him to confinement for life.  In a single point, Hernandez complains that his trial counsel was ineffective at the punishment hearing.  Hernandez specifically points to his counsel’s failure to investigate Hernandez’s background and to offer background mitigating evidence, failure to have Hernandez examined by a psychologist or psychiatrist, and failure to assert hearsay objections to a videotape of one of the complainants and to testimony from the complainants’ mother.  The State maintains, however, that Hernandez cannot overcome the strong presumption that his trial counsel rendered adequate assistance because Hernandez did not bring forward a record supporting his claim of ineffective assistance. 

To establish ineffective assistance of counsel, the appellant must show by a preponderance of the evidence that his counsel’s representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel’s deficiency, the result of the trial would have been different.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); 
Thompson
 
v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). 

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  Review of counsel’s representation is highly deferential, and the reviewing court indulges a strong presumption that counsel’s conduct fell within a wide range of reasonable representation.  
Salinas
, 163 S.W.3d at 740; 
Mallett
, 65 S.W.3d at 63.  A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.  
Thompson
, 9 S.W.3d at 813-14.  “In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel’s actions.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Mallett
, 65 S.W.3d at 63).  To overcome the presumption of reasonable professional assistance, “any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.”  
Salinas
, 163 S.W.3d at 740 (quoting 
Thompson
, 9 S.W.3d at 813).

A record affirmatively demonstrating the alleged ineffectiveness may, however, be provided by a hearing on a motion for new trial.  
See Jones v. State
, 133 S.W.3d 307, 312 (Tex. App.—Fort Worth 2004, no pet.).  When there is no hearing on a motion for new trial or if counsel does not appear at such a hearing, an affidavit from defense counsel becomes almost vital to the success of a claim of ineffective assistance of counsel.  
Howard v. State
, 894 S.W.2d 104, 107 (Tex. App.—Beaumont 1995, pet. ref’d).

Here,
 
Hernandez did not file a motion for new trial, and the record is otherwise silent regarding 
the extent to which trial counsel investigated Hernandez’s background.  The record does not reflect trial counsel’s reasoning and strategy for not objecting to alleged hearsay or for presenting the only mitigating evidence he chose to present—the testimony of Hernandez’s parents.  Additionally, Hernandez does not point to any specific additional mitigating evidence that his counsel could have presented.  The record before us is insufficient to rebut the presumption that Hernandez’s trial counsel made reasonable decisions.  
See
 
Thompson
, 9 S.W.3d at 814.  The record does not support Hernandez’s contention that the complained of decisions and actions by his trial counsel rendered his assistance ineffective at the punishment stage of trial.  We overrule Hernandez’s sole point and affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: March 9, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.